# UNITED STATES DISTRICT COURT
## FOR THE
## WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **CAROLYN BLEDSOE**, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No.:** |
| v. | ) | |
| | ) | **COMPLAINT AND DEMAND FOR** |
| **AMERICAN** | ) | **JURY TRIAL** |
| **INTERCONTINENTAL** | ) | |
| **UNIVERSITY, INC.,** | ) | **(Unlawful Debt Collection Practices)** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

CAROLYN BLEDSOE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against AMERICAN INTERCONTINENTAL UNIVERSITY, INC. ("Defendant"):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the

United States.  <u>See</u> <u>Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4.      Plaintiff is a natural person, who resides in Memphis, Tennessee 38141.

5.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

6.      Defendant is a corporation with its headquarters located at 231 N Martingale Road, Schaumburg, Illinois 60173.

7.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9.      Plaintiff has a cellular telephone number.

10.     Plaintiff has only used this phone as a cellular telephone.

11.     Beginning in or around July 2016, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

12.     During the relevant period, Defendant called Plaintiff on her cellular

telephone multiple times per day.

13.     When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automated and/or pre-recorded messages.

14.     Plaintiff often would answer a call to be greeted with an automated recording before speaking to callers or receive voice messages from an automated voice.

15.     Defendant's telephone calls were not made for "emergency purposes" since Defendant has been calling Plaintiff regarding their educational programs.

16.     Desiring to stop these repeated calls, Plaintiff spoke with Defendant in late July 2016 and requested that the calls stop immediately.

17.     Defendant heard and acknowledged Plaintiff's request to stop calling.

18.     Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

19.     Despite Plaintiff's clear revocation of consent to call her cellular phone, Defendant persisted in calling Plaintiff multiple times daily through August 2016 despite multiple requests to cease calling her cellular telephone.

PLAINTIFF'S FIRST AMENDED COMPLAINT

20.    After Plaintiff's repeated requests to stop the calls were ignored by Defendant, she had no other option but to install a blocking application to block calls from Defendant's phone numbers.

21.    Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

22.    Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23.    Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

24.    Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

25.    Defendant's calls to Plaintiff were not made for emergency purposes.

26.    Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent as she revoked in late July 2016.

27.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, CAROLYN BLEDSOE, respectfully prays for a judgment as follows:

a.      All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

b.      Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

c.      Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d.      Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

e.      Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CAROLYN BLEDSOE, demands a jury trial in this case.

Respectfully submitted;

DATED:  August 26, 2016          /s/ Amy L. Bennecoff Ginsburg
                                 Amy L. Bennecoff Ginsburg
                                 Kimmel & Silverman, P.C.
                                 30 East Butler Pike
                                 Ambler, PA 19002
                                 Phone: (215) 540-8888
                                 Facsimile: (877) 788-2864
                                 Email: aginsburg@creditlaw.com

PLAINTIFF'S FIRST AMENDED COMPLAINT